FILED
CLERK, U.S. DISTRICT COURT

6/21/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MMC\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>EDGAR CASTANEDA,<br>  aka "Gunner," and<br>ALEJANDRO LOPEZ,<br>  aka "Lil Caps,"<br><br>        Defendants. | No. 2:24-CR-00383-SPG<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii), (b)(1)(B)(viii):<br>Distribution of Methamphetamine;<br>18 U.S.C. § 2(a): Aiding and<br>Abetting; 21 U.S.C. § 853:<br>Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS CASTANEDA AND LOPEZ]

On or about July 23, 2019, in Los Angeles County, within the Central District of California, defendants EDGAR CASTANEDA, also known as ("aka") "Gunner," and ALEJANDRO LOPEZ, aka "Lil Caps," each aiding and abetting the other, knowingly and intentionally distributed at least five grams, that is, approximately 46 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT LOPEZ]

On or about July 31, 2019, in Los Angeles County, within the Central District of California, defendant ALEJANDRO LOPEZ, also known as "Lil Caps," knowingly and intentionally distributed at least fifty grams, that is, approximately 224.1 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /s/
                                        _____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

/s/ Mack E. Jenkins

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, and
Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, and
Racketeering Section